(85 App. Div. 122.)

BANYER v. ALBANY INS. CO. et al.

(Supreme Court, Appellate Division, Third Department.  June 30, 1903.)

1. FIRE POLICY—CONSTRUCTION—PROPERTY INSURED.
    A fire policy providing that the insurer shall not be liable, "unless lia-
    bility is specifically assumed," for loss to "store or office furniture or
    fixtures," and describing the property insured as a building "including
    gas, steam and water pipes, and all other permanent fixtures contained
    therein," does not cover counters, shelving, and office fixtures in the
    building, which might be removed without injury to them or the building.

Submission of controversy between Goldsborough Banyer and the
Albany Insurance Company and others, under Code Civ. Proc. §§
1279, 1280, on an agreed statement of facts.  Judgment for defend-
ants.

Argued before PARKER, P. J., and SMITH, CHASE, CHES-
TER, and HOUGHTON, JJ.

Hun & Parker, for plaintiff.
Cardozo & Nathan, for defendants.

SMITH, J.  Upon the 1st day of June, 1898, the plaintiff was the
owner of certain real estate situated in the city of Albany, the lower
part of which was used as a dry goods store.  In that store were cer-
tain shelves and counters used for the storage of goods.  Some of
these were entirely loose, to be placed anywhere in the store, and it
is stipulated that "the counters and shelving and office fixtures were
not framed or built with or into the building insured, and were capable
of being easily removed without injury to them or to the building."
The policy was written upon a standard blank policy which contained
this printed clause:

"This company shall not be liable for * * * nor unless liability is
specifically assumed hereon for loss to awnings * * * store or office
furniture or fixtures."

The property described in the policy, and written in, was as follows:

"On his brick, metal and asphalt roof building, including gas, steam and
water pipes, and all other permanent fixtures contained therein, occupied for
stores, offices and other hazardous and extrahazardous purposes."

The determination of this controversy depends upon the construc-
tion which should properly be given to the expression "all other per-
manent fixtures contained therein."  If this expression should prop-
erly be deemed to include the shelving and counters which were thus
attached to the store building, the plaintiff is right in his contention;
otherwise the defendants must prevail.

The defendants admit at the outset that, if there be an ambiguity
in this contract, it must be construed against the insurers.  They in-
sist, however, that there is no substantial ambiguity which authorizes
the application of this rule of interpretation.  The provision in the
contract exempting the defendants from liability "for store and office
furniture or fixtures unless liability is specifically assumed thereon"
protects the defendants from liability for the loss of this shelving and
these counters unless the plaintiff can point to some other clause which

83 N.Y.S.—5

creates a specific assumption of liability for loss thereon. In the description of the property named as insured is included gas, steam, and water pipes, "and all other permanent fixtures contained therein." It is a familiar rule of interpretation of contracts that words must be construed in the light of other words in connection with which they are used. The words "all other permanent fixtures" are used in connection with such fixtures as gas, steam, and water pipes. It would seem to me to do violence to this rule of interpretation to hold that these store fixtures, which it has been stipulated could be easily removed without injury to them or to the building, were of the same class of permanent fixtures as gas, water, and steam pipes. If they are not, the plaintiff has failed to point out where liability therefor has been specifically assumed in the contract of insurance, and the defendants are relieved from liability under the general clause of their contract which exempts from liability for "office or store furniture or fixtures." I am of opinion, therefore, that judgment must be directed for the defendants, with costs. All concur.